SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant,
LINDT & SPRUNGLI (USA) INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REBECCA CASTILLO, an individual<br><br>        Plaintiff,<br><br>    v.<br><br>LINDT & SPRUNGLI (USA) INC., a New York corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:19-cv-08483-SVW-KS<br>Honorable Steven V. Wilson<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES**<br><br>Hearing Date: December 2, 2019<br>Hearing Time: 1:30 p.m.<br>Courtroom: 10A<br><br>Action Filed: September 16, 2019<br>Trial Date: None Set |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................... 1
II. FACTUAL BACKGROUND ...................................................................... 1
    A. Plaintiff's Allegations. ..................................................................... 1
    B. Procedural History ........................................................................... 2
III. PLAINTIFF'S CAUSE OF ACTION PRESENTS A FEDERAL QUESTION. ................................................................................................ 2
    A. The Interplay Between the ADA and the Unruh Act. ..................... 2
    B. Where a Plaintiff's Claim For Injunctive Relief Under the ADA is Identical To His Claim For Injunctive Relief Under State-Law, This Court Has Original Jurisdiction Over The Claim. ............... 3
    C. Plaintiff Premises Her Claim Exclusively Under the ADA. ............ 7
    D. At Minimum, The Court Should Order Plaintiff To Clarify That Her Claim Is Not Premised Upon the ADA. ................................... 9
IV. CONCLUSION ........................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Belton v. Comcast Cable Holdings, LLC*
　151 Cal.App.4th 1224 (2007) ...................................................................................7

*Cullen v. Netflix, Inc.*
　880 F.Supp.2d 1017 (N.D. Cal. 2012) ....................................................................8

*Doran v. 7-Eleven, Inc.*
　524 F.3d 1034 (9th Cir. 2008) .................................................................................2

*Earll v. eBay*
　599 Fed. Appx. 695 (9th Cir. 2015) .........................................................................9

*Earll v. eBay, Inc.*
　2011 WL 3955485 (N.D. Cal. Sept. 7, 2011), *aff'd* 599 Fed. Appx.
　695 (9th Cir. 2015) ..................................................................................................8

*Fontano v. Little Caesar Enterprises, Inc.*
　2010 WL 4607021 (C.D. Cal. Nov. 3, 2010) ...............................................4, 5, 6

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*
　*for S. Cal.*
　463 U.S. 1 (1983) .....................................................................................................4

*Greater Los Angeles Agency on Deafness, Inc. v. Cable News*
　*Network, Inc.*
　742 F.3d 414 (9th Cir. 2014) ..................................................................................8

*Koebke v. Bernardo Heights Country Club*
　36 Cal.4th 824 (2005) .............................................................................................7

*Munson v. Del Taco, Inc.*
　46 Cal. 4th 661 (2009) ............................................................................................3

*National Federation for the Blind v. Scribd*
　2015 WL 1263336 (D. Vt. Mar. 19, 2015) ............................................................9

*Pickern v. Best Western Timber Cove Lodge Marina Resort*
　194 F. Supp. 2d 1128 (E.D. Cal. 2002) .................................................................6

*Wander v. Kaus*
    304 F.3d 856 (9th Cir. 2002) ............................................................1, 2, 4, 6, 7

*Young v. Facebook*
    790 F.Supp.2d 1110 (N.D. Cal. 2011) ..............................................................8

Statutes

Americans with Disabilities Act ("ADA") ......................................................*passim*

California Disabled Persons Act ................................................................................3

California's Unruh Civil Rights Act "Unruh") ...................................................*passim*

Code ("CBC") ............................................................................................................3

DPA ........................................................................................................................3, 4

Other Authorities

Defendant's website, http://www.lindtusa.com ......................................................1

1  Defendant Lindt & Sprungli (USA) Inc. (hereinafter "Defendant"), hereby
2  opposes Plaintiff Rebecca Castillo's ("Plaintiff") Motion to Remand This Action to
3  the Superior Court of California for the County of Los Angeles ("Motion").

## I. INTRODUCTION

Plaintiff and her counsel specialize in filing lawsuits alleging that a myriad of businesses have websites that are inaccessible to blind and/or visually impaired persons in violation of the Americans with Disabilities Act ("ADA") and California's Unruh Act ("Unruh Act"). This case is no different.

In this case, Defendant has offered to stipulate to remand this case if Plaintiff agreed to stipulate that she is not claiming or seeking any relief for violations of the ADA. Plaintiff refused to do so and instead brought this motion.

Plaintiff argues that this Court lacks federal question jurisdiction over their Unruh Act claim under *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002). Plaintiff is wrong. As explained below, District Courts have distinguished *Wander* and held that there is federal question jurisdiction when, as here, Plaintiff seeks injunctive relief and her Unruh Act claim is based solely on ADA violations.

Therefore, Plaintiff's motion to remand should be denied.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Allegations.

Plaintiff and her counsel specialize in bringing these form nuisance lawsuits claiming that a defendant business' website is not accessible to the blind and/or visually impaired. What constitutes a legally accessible website is unknown because there are no official standards that a private website must meet.

As in all of their cases, Plaintiff makes vague unspecific allegations that Defendant's website, http://www.lindtusa.com ("Website"), contains things like "insufficient navigational headings" and "incorrectly labeled" buttons (Dkt. 1-1 at ¶ 33). (Dkt. 1-1 at ¶ 35). Plaintiff similarly does not explain how these alleged

issues may have impeded her access to any brick and mortar location and/or denied her access to Defendant's goods.

### B. Procedural History.

Plaintiff filed his complaint in this action on September 16, 2019 in the Superior Court of California for the County of Los Angeles. Defendant timely removed this action to this Court on October 1, 2019. (*See* Dkt. 1).

Defendant has offered to agree to remand if Plaintiff would stipulate that she is not seeking or claiming any relief under the ADA. (Hurley Decl. ¶ 2, Exh. A). Plaintiff has not responded to Defendant's offer.

Just recently, a District Court in the Eastern District of California debated this issue and Plaintiff's counsel *agreed* to these conditions in a different matter. (Hurley Decl., Exh. B).

Plaintiff refused and brought this motion.

## III. PLAINTIFF'S CAUSE OF ACTION PRESENTS A FEDERAL QUESTION.

### A. The Interplay Between the ADA and the Unruh Act.

When it enacted Title III of the ADA, Congress explicitly provided private plaintiffs with a right of action to enforce the ADA as to barriers to access in places of public accommodation. *See* 42 U.S.C. § 12188. In doing so, Congress granted federal district courts the power to order injunctive relief in order to enforce the barrier removal provisions of the ADA. *Id*. As recognized by the Ninth Circuit, private enforcement through litigation is one of the primary methods to effectuate compliance with the ADA and provide greater accessibility to disabled persons. *See, e.g., Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008). Under the ADA, the only remedy available to private plaintiffs is injunctive relief. *See, e.g., Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); 42 U.S.C. § 12188.

1    Following the ADA's enactment, lawmakers in the state of California
2 decided to modify California's Unruh Act to incorporate the ADA.  *See Munson v.*
3 *Del Taco, Inc.*, 46 Cal. 4th 661, 668-669 (2009).  As a result, in California, a
4 violation of the ADA may also constitute  grounds for a violation of the Unruh
5 Act.  Similarly, courts have held that a violation of the ADA also constitutes
6 grounds for a violation of the California Disabled Persons Act ("DPA").  The ADA
7 has specific accessibility guidelines for physical structures such as buildings which
8 are contained in the 1991 ADA Standards and the 2010 ADA Standards.
9 Similarly, the Unruh Act and the DPA have specific accessibility standards for
10 physical structures which are contained in the California Building Code ("CBC").
11 These accessibility standards under federal and state law largely overlap, but
12 California has some independent standards.  Thus, in general, a plaintiff seeking to
13 prove a violation of the Unruh Act or DPA could rely upon a violation of the 1991
14 or 2010 ADA Standards or upon a violation of a standard in the CBC which may
15 or may not be identical to its federal counterpart.
16    In California, violations of these state-law statutes not only entitle successful
17 private plaintiffs to injunctive relief, but also statutory damages (assuming they can
18 show the additional state-law elements required for the awarding of damages).
19    As explained below, whether or not a district court has federal question
20 jurisdiction in a case alleging a violation of the Unruh Act depends on whether the
21 plaintiff is seeking injunctive relief or statutory damages and whether his Unruh
22 Act claim is premised upon violations of federal or state accessibility standards.
23    **B.    <u>Where a Plaintiff's Claim For Injunctive Relief Under the ADA is</u>**
24 **<u>Identical To His Claim For Injunctive Relief Under State-Law, This Court</u>**
25 **<u>Has Original Jurisdiction Over The Claim.</u>**
26    A federal court has jurisdiction on the basis of a federal question only where
27 the "well-pleaded complaint establishes . . . that federal law creates the cause of
28

action" or where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27-28 (1983).

Plaintiff is wrong that *Wander v. Kaus*, 304 F.3d 856 (9th 2002) forecloses a finding of original jurisdiction in these cases. In *Wander*, the Ninth Circuit merely stated that there was no federal-question jurisdiction over a claim under the DPA for **statutory damages after the ADA claim for injunctive relief had been dismissed as moot.** As explained below, courts have recognized that *Wander* does not automatically apply to cases, such as the one here, where the plaintiff seeks injunctive relief based upon violations of the ADA.

The following cases are illustrative. In *Fontano v. Little Caesar Enterprises, Inc.*, 2010 WL 4607021 (C.D. Cal. Nov. 3, 2010), the court denied plaintiff's request for attorneys' fees and costs in support of his motion to remand (which defendant did not oppose). Similar to the facts of this case, plaintiff asserted a cause of action under the Unruh Act and sought injunctive relief and damages. *Id.* at *1. Plaintiff's cause of action under the Unruh Act was premised upon a violation of the ADA. *Id.* He did not allege a cause of action under the ADA or seek relief under the ADA in his prayer for relief. *Id.*

Contending that defendant's removal was groundless, plaintiff sought his attorneys' fees in support of his motion to remand. Plaintiff cited *Wander* and argued that "state law's incorporation of the ADA does not create federal-question jurisdiction and asserted that '[t]he Ninth Circuit Court of Appeals cannot be any clearer on this point: Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim.'" *Id.*

The *Fontano* court disagreed and declined to award plaintiff any fees or costs:

> "However, this issue is not as clear as Plaintiff suggests. In *Wander,* a plaintiff brought a claim for injunctive relief under the Americans with Disabilities Act and a claim for damages under the California Disabled Persons Act in federal court. *Wander,* 304 F.3d at 857. When plaintiff's claim for injunctive relief became moot, the court dismissed his state law claims for lack of subject matter jurisdiction, which plaintiff appealed. *Id.* at 857-58. The *Wander* court affirmed the district court's dismissal of plaintiff's state law claims, holding that "there is no federal-question jurisdiction over a lawsuit for *damages* brought under California's Disabled Person's Act, even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law.
>
> …
>
> **Thus, the *Wander* court left open the question of whether a claim seeking *injunctive relief* under a state law incorporating the ADA would give rise to federal-question jurisdiction.**
>
> …
>
> Without any evidence that Plaintiff's claim for injunctive relief was moot at the time Defendant removed the case to federal court, it is at the very least arguable that this Court had federal-question jurisdiction over Plaintiff's section 51(f) claim."

*Id.* at *2 (emphasis added).

Another district court in California, *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002), relied upon by the *Fontano* court, concluded that a complaint seeking **injunctive relief** under a state law statute incorporating the ADA would, in fact, give rise to federal-question jurisdiction. The *Pickern* court reasoned:

> "State law provides for injunctive relief as well as damages, *see* Cal. Civ. Code § 52.1(b), and it is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA. Such a claim would be no different from a federal ADA claim. **Federal question jurisdiction must exist in those circumstances.** Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims. State claims for damages, on the other hand, are not identical to federal ADA claims for injunctive relief. **Thus, federal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages.**

*Id.* at 1132 n.5 (emphasis added). The opinion in *Pickern* was cited with approval by the Ninth Circuit in *Wander*, *supra* at 860.

Defendant further notes that one of the central purposes of the ADA was "to ensure that the *Federal government plays a central role in enforcing the standards established in this act* on behalf of individuals with disabilities." 42 U.S.C. § 12101(b)(3) (emphasis added). It would run contrary to this expectation for the federal courts to cede enforcement of the ADA to the states.

Indeed, as demonstrated by the transcript from the argument before Judge Shubb of the Eastern District of California, Plaintiff's counsel has agreed to similar conditions to remand, as those requested here. (Hurley, Decl. Exh. B).

In sum, this Court has original jurisdiction over Plaintiff's claim for injunctive relief because it is identical to the relief she could obtain under the ADA. To hold otherwise would be to enable states to deprive Article III courts of matters that would otherwise be under their jurisdiction, which is forbidden by the Supremacy Clause.

### C. Plaintiff Premises Her Claim Exclusively Under the ADA.

In this case, federal question jurisdiction certainly exists. Unlike *Wander*, Plaintiff seeks injunctive relief and his Unruh Act claim is based exclusively upon violations of the ADA. Indeed, it is undisputed that Plaintiff seeks injunctive relief. (Dkt. 1-1 at ¶ 4).

Indeed, it is undisputed that Plaintiff seeks injunctive relief based upon the ADA's implementing regulations. The Unruh Act does not contain any website accessibility standards and there are no California-specific regulations implementing the same. Therefore, Plaintiff's Unruh Act claim relies exclusively on alleged violations of the ADA.

This is further confirmed because Plaintiff nowhere alleges that Defendant *intentionally* discriminated against her. Intentional discrimination is a required element of Plaintiff's Unruh Act claim where it is not exclusively predicated on the ADA. *E.g. Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824, 853 (2005) (Unruh Act contemplates "willful, affirmative misconduct on the part of those who violate the Act" and that a plaintiff must therefore allege, and prove, more than the disparate impact of a facially neutral policy); *Belton v. Comcast Cable Holdings, LLC*, 151 Cal.App.4th 1224 (2007) (Comcast's policy, which was neutral on its face, was not actionable despite the disproportionate impact on blind people,

because the Unruh Act required willful, affirmative misconduct) misconduct); *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414 (9th Cir. 2014) (Although hearing-impaired individuals bore the brunt of CNN's neutral policy of not captioning videos, the Ninth Circuit concluded that the disparate impact was insufficient to support an Unruh Act claim as a matter of law.); *Earll v. eBay, Inc.*, 2011 WL 3955485 (N.D. Cal. Sept. 7, 2011), *aff'd* 599 Fed. Appx. 695 (9th Cir. 2015) (allegations were either conclusory, and therefore, lacked the requisite factual support to make out a claim for intentional discrimination, or, even if true, did not imply that eBay was unwilling or unable to remedy the situation and therefore, Unruh Act claim failed as a matter of law); *Cullen v. Netflix, Inc.,* 880 F.Supp.2d 1017 (N.D. Cal. 2012) (holding plaintiff failed to state an Unruh Act claim by alleging that Netflix failed to "caption a meaningful amount of its streaming library" because such conduct was not "willful, affirmative misconduct"); *Young v. Facebook,* 790 F.Supp.2d 1110 (N.D. Cal. 2011) (holding that plaintiff failed to state an Unruh Act claim by alleging that Facebook's customer service system was difficult for her to use due to her bipolar disorder because Facebook's customer service system treated all users in the same cold, automated way).

Plaintiff will not say she is not intending to base her claim exclusively upon the ADA, which prompted this motion in the first place.

Further, there can be no dispute that resolution of the injunctive relief portion of a claim that is premised upon the ADA is of substantial importance to the federal system. Congress specifically designed the ADA around the idea that access for persons with disabilities would be enhanced through resolution of access claims by private litigants in the federal courts. Federal policy is to effectuate improved access for persons with disabilities by permitting private litigants to resolve their claims in federal court where a plaintiff has alleged a violation of the

ADA. In fact, Congress explicitly stated that one of the purposes in passing the ADA was "to ensure that the *Federal government plays a central role in enforcing the standards established in this act* on behalf of individuals with disabilities." 42 U.S.C. § 12101(b)(3) (emphasis added). It would run contrary to this expectation for the federal courts to cede enforcement of the ADA to the states.

The applicable law in ADA website cases is evolving quickly given the number of these cases being brought nationwide. For instance, there is a split evolving in the courts on whether the ADA, in its current form, applies to all commercial websites or just to the websites of parties who have brick and mortar locations. *Compare Earll v. eBay*, 599 Fed. Appx. 695 (9th Cir. 2015) (no ADA cause of action for alleged website inaccessibility against defendant with no physical location) *with National Federation for the Blind v. Scribd*, 2015 WL 1263336 (D. Vt. Mar. 19, 2015) (online-only business may be liable for ADA violation due to alleged inaccessibility of its website). Federal courts – not state courts – should be responsible for developing ADA case law.

### D.  At Minimum, The Court Should Order Plaintiff To Clarify That Her Claim Is Not Premised Upon the ADA.

At the absolute minimum, the Court should order Plaintiff to clarify that she is not proceeding by premising their Unruh Act claim exclusively on the ADA – that is she is intending to prove that Defendants intentionally and willfully discriminated against Plaintiffs. (*See, e.g.,* Exh. B).

This relief is particularly appropriate where, as here, Defendant offered to stipulate to remand if Plaintiff clarified her theory of liability. Plaintiff should be required to clarify the basis for her claims to ensure he does not attempt to change course in the event the Court remands the action to state court.

### IV.  CONCLUSION

For all the foregoing reasons, Defendant respectfully requests the Court deny Plaintiff's motion.

Dated: November 8, 2019

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ *Gregory F. Hurley*
        GREGORY F. HURLEY

Attorneys for Defendant,
LINDT & SPRUNGLI (USA) INC.