UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08483-SVW-KS | Date | 12/18/2019 |
|---|---|---|---|
| Title | *Rebecca Castillo v. Lundt and Sprungli USA Inc. et al* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [8]

### I.   Introduction and Background

Rebecca Castillo ("Plaintiff") filed this motion to remand on October 30, 2019, seeking to remand this case to Los Angeles Superior Court. Dkt. 8. Lundt & Sprungli (USA) Inc. ("Defendant") first removed this case on October 1, 2019, asserting in its notice of removal that because the state court complaint references a violation of the Americans with Disabilities Act ("ADA"). Dkt. 1 at 1. Plaintiff alleges that she is blind, and that Defendant's website is not accessible to her, preventing her from accessing Defendant's goods and services. *Id.* at 13-15. The state court complaint includes a single cause of action for "Violation of the Unruh Civil Rights Act", and specifically states that "the conduct alleged herein violates various provisions of the [ADA]", which also creates liability under the Unruh Act via California Civil Code § 51(f). Dkt. 1-1 at 16-17. Plaintiff seeks both statutory damages and injunctive relief under the Unruh Act, as well as reasonable attorney's fees. *Id.* at 17.

Plaintiff's motion asserts that because the sole cause of action alleged in the Complaint is a violation of state law, federal jurisdiction does not exist. Dkt. 8 at 3. Defendant argues in both its Notice of Removal and Opposition to the Motion to Remand that because Plaintiff seeks injunctive relief as well as damages, this case is distinguishable from binding Ninth Circuit precedent holding that Unruh Act damages claims cannot create federal jurisdiction. Dkt. 9 at 3-6. Plaintiff also asserts that Plaintiff premises her Unruh Act claims exclusively on violation of the ADA and refuses to stipulate that she will

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08483-SVW-KS | Date | 12/18/2019 |
|---|---|---|---|
| Title | *Rebecca Castillo v. Lundt and Sprungli USA Inc. et al* | | |

not proceed solely with reference to the Unruh Act, thereby creating federal question jurisdiction. *Id.* at 7-9.

## II.     Legal Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). An action in state court can generally be removed to federal court when the case could have originally been brought in federal court. 28 U.S.C. § 1441; *see Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 563 (2005). The defendant bears the burden of proving removal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). Any doubt regarding removal jurisdiction is construed against the defendant and in favor of remanding the case to state court. *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

Federal courts have original jurisdiction over all civil actions that arise under federal law. 28 U.S.C. § 1331. A case may arise under federal law where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Tr. for Southern Cal.*, 463 U.S. 1, 13 (1983); *see also Armstrong v. N. Mariana Islands*, 576 F.3d 950, 955 (9th Cir. 2009). "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "The plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *see also ARCO Envt'l. Remediation, L.L.C. v. Dep't. of Health and Envt'l Quality of the State of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000).

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08483-SVW-KS | Date | 12/18/2019 |
|---|---|---|---|
| Title | *Rebecca Castillo v. Lundt and Sprungli USA Inc. et al* | | |

**III.   Analysis**

    a.   *Plaintiff's Complaint adequately pleads a state law theory of liability, prevent federal question jurisdiction from attaching.*

Plaintiff's Complaint does not affirmatively state a cause of action under the ADA. *See generally* Dkt. 1-1. It does include specific allegations of *intentional* discrimination, which as Defendant acknowledges, distinguishes liability under the Unruh Act from liability via ADA violation. *See* Dkt. 1-1 ¶ 45; Dkt. 9 at 7. Accordingly, the Court concludes that under *Rains*, Plaintiff has adequately pled an independent state law basis for liability under the Unruh Act (via intentional discrimination), and therefore federal question jurisdiction does not necessarily attach. 80 F.3d at 346; *see also Rutherford v. La Jolla Riviera Apartment House, LLC*, 19-1349-JM-MDD, Dkt. 12 at 7-8 (N.D. Cal. Nov. 11, 2019) (collecting a wide variety of cases finding removal improper given non-ADA violations of the Unruh Act alleged); *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim.").

Defendant also argues that because the Ninth Circuit in *Wander* did not address the inclusion of injunctive relief claims (because the injunctive claims in that case had previously been dismissed as moot), federal question jurisdiction exists for injunctive relief claims under the Unruh Act. Dkt. 9 at 4-6. This Court follows the substantial weight of district court precedent holding that a claim for injunctive relief potentially premised on ADA violations incorporated into the Unruh Act does not create federal jurisdiction. *See Rutherford*, 19-1349-JM-MDD, Dkt. 12 at 6-7 (collecting cases supporting this proposition); *Thurston v. ClearPath Lending, Inc.*, 2019 WL 366405, at *4 (C.D. Cal. Jan. 28, 2019). Defendant's reference to *Pickern v. Best W. Timber Cove Lodge Marina Resort* overstates the holding of that case and the hypothetical situation described there does not apply to this case, because Plaintiff has adequately pled intentional discrimination, creating an independent state law basis for jurisdiction under the Unruh Act. 194 F. Supp. 2d 1128, 1132 n.5 (E.D. Cal. 2002).

    b.   *Plaintiff's request for attorney's fees.*

| | : | |
|---|---|---|
| Initials of Preparer | | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08483-SVW-KS | Date | 12/18/2019 |
|---|---|---|---|
| Title | *Rebecca Castillo v. Lundt and Sprungli USA Inc. et al* | | |

Following remand of a case after unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court declines to award attorney's fees in this instance. Because *Wander* does not directly foreclose Defendant's argument regarding the inclusion of a request injunctive relief, in the absence of binding precedent the Court concludes that an award of attorney's fees would not be appropriate here. *See e.g. Martinez v. Matrix Health Prod., Inc.*, 2019 WL 2242074, at *3 (C.D. Cal. May 24, 2019) (similarly declining to award attorney's fees).

### IV.  Conclusion

Plaintiff's motion to remand is GRANTED.

Initials of Preparer  PMC